IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHRISTOPHER JAMES ROGERS                                                    PLAINTIFF

V.                                                                   NO. 4:09-CV-037

HUMPHREY COUNTY, MISSISSIPPI, HUMPHREYS COUNTY
SHERIFF DEPARTMENT, SHERIFF WAYNE HOLLOWAY,
OFFICIALLY AND IN HIS INDIVIDUALLY CAPACITY,
DEPUTY RONNIE BUCHANAN, OFFICIALLY AND IN
HIS INDIVIDUAL CAPACITY, AND OTHER UNKNOWN
DEFENDANTS "A"-"Z"                                                           DEFENDANTS

**ORDER**

This cause comes before the court on the motion of the Humphreys County Sheriff Department, seeking dismissal from this action on the grounds that it is not a separate legal entity capable of being sued. This is merely the latest motion addressing the arguably inconsistent authority relating to the proper defendant in federal cases involving Mississippi sheriff departments. In *Porter v. Lowndes County, Mississippi*, 406 F. Supp. 2d 708 (N.D. Miss. 2005), this court noted that dicta in a 2001 Fifth Circuit decision appears to erroneously characterize a sheriff department as a "separate government entity" capable of being sued, *see Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 464 n. 3 (5th Cir. 2001), but there seems to be general consensus that such is not the case.

The Fifth Circuit in *Oden* also suggested that the sheriff in his official capacity, rather than the county, was the proper defendant in Title VII cases, writing as follows:

> Sheriff Bryan was solely responsible for hiring, promoting, and establishing the deputies' wages. The County's only responsibility was to approve the Sheriff's budget and allocate the necessary funds. Because Sheriff Bryan was the elected official who made all decisions concerning promotions within the Sheriff's

1

> Department, he was Deputy Oden's employer for purposes of Title VII. We
> therefore reverse the district court's judgment against Oktibbeha County and
> Sheriff Dolph Bryan individually under Title VII.

*Oden*, 246 F.3d at 465. This court has applied *Oden* as written in Title VII cases, *see, e.g. Westmoreland v. Calhoun County*, No. 3:08cv135 [30-1] (N.D. Miss. 2009), even though it is unclear whether the Fifth Circuit would re-affirm *Oden* today.

*Porter* was, like this case, a § 1983 action, and all parties in *Porter* conceded that the County, rather than the "Sheriff's Department," was the proper defendant in that case. Similarly, the plaintiff in this case has not opposed the motion of the Humphreys County Sheriff Department for dismissal, and it does appear that this issue is largely one of form which is not worthy of heated litigation. The parties appear to agree that Humphreys County is the proper defendant in this case, and, pending clarification otherwise from the Fifth Circuit, this court will likewise assume that this is the case.

It is therefore ordered that the motion to dismiss filed by the Humphreys County Sheriff's Department is granted.

So ordered, this the 15th day of October, 2009.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**